STATE OF ILLINOIS )
                   ) SS.
COUNTY OF COOK )

# AFFIDAVIT

I, JOHN K. KENNEDY, being first duly sworn, depose and state that I am an associate with the law firm of JAMES D. MONTGOMERY & ASSOCIATES, LTD., with primary responsibility for representing plaintiff Howard Morgan before this Court, and, as such, have knowledge of the following:

1. This long-running case stems from a February 21, 2005, police-involved shooting. Plaintiff Howard Morgan alleges that the defendant Chicago Police Officers violated his Fourth Amendment rights by using excessive force against him. The defendants deny that they violated Mr. Morgan's rights. The Cook County State's Attorney's office charged Mr. Morgan with several felony charges in connection with the shooting, including four counts of attempted murder. On April 26, 2007, this Court stayed this case pursuant to Heck v. Humphrey, 512 U.S. 477 (1994), pending resolution of the criminal charges against Mr. Morgan.

2. The criminal case against Mr. Morgan was tried to a jury. On May 12, 2007, the jury acquitted Mr. Morgan of several charges, but deadlocked on one count of aggravated battery and four counts of attempted murder of a police officer. The Cook County State's Attorney's office decided to reprosecute Mr. Morgan on the unresolved counts, and Mr. Morgan moved to bar this on double-jeopardy grounds. The trial judge denied Mr. Morgan's motion; the appellate court affirmed; and the Illinois Supreme Court and the U.S. Supreme Court declined to intervene. At Mr. Morgan's retrial, a jury convicted him of the remaining charges, including attempted murder of a police officer, and he was sentenced to 40 years imprisonment. On February 21, 2014, the Illinois Appellate Court affirmed Mr. Morgan's convictions in a nonprecedential dispositive order, People v. Morgan, 2014 IL App (1st) 121737-U. Mr. Morgan's criminal counsel has filed a petition for leave to appeal in the Illinois Supreme Court. This case remains stayed.

3. Now that Mr. Morgan's convictions for attempted murder have been affirmed, our office is seeking leave of court to withdraw from this representation. Fundamental disagreements have arisen between our office and Mr. Morgan's wife, who is acting as his representative while he is incarcerated, regarding our representation, see Ill. R.P.C. 1.16(b)(4). Additionally, other good cause for withdrawal exists, see Ill. R.P.C.(b)(7), but my confidentiality obligations preclude me from expounding on this, see Ill. R.P.C. 1.6.

4. Those grounds aside, withdrawal here "can be accomplished without material adverse effect on the interests of the client," Ill. R.P.C. 1.16(1), and should thus be permitted. In particular, two attorneys not associated with our office, Benjamin L. Crump (admitted pro hac vice) and Juan R. Thomas (member of this Court's trial bar), have filed appearances on behalf of plaintiff, and will thus remain responsible for representing Mr. Morgan if this motion is granted. Additionally, this case has been stayed for over 7 years, and will continue to be stayed until Mr. Morgan exhausts his attempts to invalidate his criminal conviction. Allowing us to withdraw now will not affect Mr. Morgan's ability to meet any discovery obligations or other court deadlines; indeed, he will have ample time to retain new counsel should he choose to do so.

5. For these reasons, I am respectfully asking this Court to grant me and my firm's managing partner, Mr. James D. Montgomery, Sr., leave to withdraw as Mr. Morgan's counsel.

6. I also respectfully suggest that this Court grant leave to Marion V. Cruz to withdraw from this representation. Ms. Cruz is a former attorney at our office who resigned in November 2012, but who apparently failed to move to withdraw from this representation. I attempted to obtain Ms. Cruz's current contact information from the ARDC website to determine whether she wished to join in this motion. However, no contact information for her is available on the ARDC website, which states that Ms. Cruz's Illinois Registration Status is "Voluntarily inactive and not authorized to practice law." From speaking with my coworkers, I understand that Ms. Cruz now lives in California.

7. I am sending a copy of this motion via regular mail, certified mail, and electronic mail to Mrs. Rosalind Morgan, who Mr. Morgan has authorized to act as his representative while he is incarcerated. I spoke with Mrs. Morgan this morning via telephone and indicated our office's desire to withdraw. I am also sending a copy of this motion via registered and certified mail to Mr. Morgan at the Dixon Correctional Center where he is currently incarcerated.

Under penalties provided by 735 ILCS 5/1-109, I hereby certify that, to the best of my knowledge, all of the statements in this affidavit are true and correct.

/s/ JOHN K. KENNEDY
JOHN K. KENNEDY, Attorney