**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Howard W. Morgan, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 07 C 983 |
| | ) | |
| City of Chicago Police Officers | ) | Judge St. Eve |
| Timothy Finely, Nick Olsen, | ) | |
| Eric White, and John Wrigley, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' MOTION TO DISMISS
## PLAINTIFF'S SECOND AMENDED COMPLAINT

Defendants, Timothy Finley, Nick Olsen, Eric White and John Wrigley, (collectively

"Defendants"), by and through one of their attorneys, Christopher A. Wallace, Senior Counsel of

the City of Chicago Department of Law, respectfully move the court to dismiss with prejudice all

claims in Plaintiff's Second Amended Complaint pursuant to Rule 12(b)(6). In support of this

motion, Defendants submit the following memorandum of law.

## INTRODUCTION

Plaintiff originally filed suit against Defendants on February 21, 2007, and promptly filed an

amended complaint that same day. (*See* docket entries 1, 6). The suit stems from a shooting

incident occurring on February 21, 2005, between Plaintiff and Defendants. On April 16, 2007,

Defendants moved to stay proceedings in light of the criminal charges pending against Plaintiff in

relation to the incident. Defendants moved to dismiss Plaintiff's state law claims in his amended

complaint (*see* docket entry 31) which, in response, Plaintiff voluntarily dismissed. (*See* docket

entry 37). On September 19, 2008, Plaintiff was given leave to file a second amended complaint (though

Plaintiff had already filed on September 12, 2008). (*See* docket entry 38). In his Second Amended

Complaint, Plaintiff alleges Defendants engaged in excessive force in violation of his Fourth Amendment rights in relation to the February 21, 2005, incident.

This matter has been stayed pending the outcome of the protracted criminal proceedings against Plaintiff in *People v. Howard Morgan*, 05 CR 6902. On June 2, 2014, in light of Plaintiff's criminal convictions, Defendants informed the Court they intended to file the present motion to dismiss and a briefing schedule was set. (*See* 6/2/14 Order, docket entry 86). Defendants now move to dismiss Plaintiff's lawsuit in its entirety pursuant to the doctrine of collateral estoppel or, in the alternative, pursuant to the *Heck* doctrine.

## STANDARD OF REVIEW

A Rule 12(b)(6) motion tests whether the complaint states a claim on which relief may be granted. *Reed v. State of Illinois, et al.*, No. 12 C 7274, 2014 WL 917270, *3 (N.D. Ill. March 10, 2014)(granting Rule 12(b)(6) motion on collateral estoppel grounds). While Rule 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief," an affirmative matter such as collateral estoppel is an appropriate method of resolving claims on a Rule 12(b)(6) motion. *See Reed*, 2014 WL 91270 at *7-10; *see also Czarniecki v City of Chicago*, 633 F.3d 545, 548-52 (7th Cir. 2011)(affirming dismissal of lawsuit under claim preclusion doctrine).

## FACTS

Plaintiff brings a single count against Defendants for excessive force pursuant to 42 U.S.C. § 1983, in relation to the shooting incident on February 21, 2005. (Pl. Second Amend. Complt. ¶¶ 15-20).

Plaintiff had two criminal trials. Following the second trial, Plaintiff was convicted of four counts of attempted first degree murder of a police officer and one count of aggravated battery with a firearm. (*See* Certified Statement of Conviction, *People v. Howard Morgan*, 05 CR 6902, p. 24,

attached hereto as Exhibit A).[1]  Plaintiff was sentenced to 40, 35, 25, and 25 years in prison respectively as to the attempt murder charges, sentences to run concurrently, and the aggravated battery conviction merged with the attempted murder convictions for sentencing purposes.  (Ex. A, p. 25).  On February 21, 2014 (seven years to the date since filing suit and nine years to the date of the incident) the appellate court affirmed the convictions and sentence.  (*See People v. Howard Morgan*, No. 12-1737, slip op. at p. 36 (Ill. App. Ct. Feb. 21, 2014), attached hereto as Exhibit B).  Plaintiff petitioned the Illinois Supreme Court for leave to appeal but the Illinois Supreme Court denied Plaintiff's petition on May 28, 2014.  (*See* 5/28/14 Disposition of Leave to Appeal, *People v. Howard Morgan*, Dkt. No. 117520, attached hereto as Exhibit C).

The factual record on appeal, of which the Court may take notice, is set forth in the Illinois Appellate Court's February 21, 2014, order.  (*See* Ex. B, pp. 3-18).  Defendants incorporate the record on appeal herein this motion for purposes of collateral estoppel.  In relevant part, the record establishes that on February 21, 2005, Plaintiff had been pulled over by Defendants Finley and

---

[1] While in general, consideration of matters outside the pleadings is improper without conversion of a 12(b)(6) motion into a motion for summary judgment, documents that a defendant attaches to a motion to dismiss may be considered if such documents are incorporated into the complaint by reference or are matters of which a court may take judicial notice and are central to the plaintiff's claim. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.,* 551 U.S. 308, 322 (2007).

A court may take judicial notice of a prior court record in a ruling on a motion to dismiss if its application to the current proceeding is beyond reasonable dispute and is either generally known within the territorial jurisdiction of the trial court, or capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. *Facebook, Inc. v. Teachbook.com LLC,* 819 F.Supp.2d 764, 771 (N.D. Ill. 2011). "Matters of public record, such as the contents of court records, can fall within this narrow category of judicially noticeable facts," if the "application of the previous finding to [the] latter proceeding [is] beyond a reasonable dispute." *Id., quoting General Elec. Capital Corp. v. Lease Resolution eCorp.,* 128 F.3d 1074, 1083 (7th Cir. 1997).

Here, this Court may take judicial notice of the Certified Statement of Plaintiff's Conviction (Ex. A), the Illinois Appellate Court's Decision affirming his conviction (Ex. B), and the denial of Plaintiff's petition for leave to appeal, (Ex. C).  The Certified Statement is a public record and certified as an official record by the Clerk of the Circuit Court of Cook County.  Exhibit B is an appellate decision affirming the convictions and specifically contemplates use in matters establishing the law of the case or for collateral estoppel purposes.  *See* Ex. B, *see also* Ill. Sup. Ct. Rule 23(e)(1).  Accordingly, these documents are prior court records whose application to the current proceeding is beyond reasonable dispute, and hence are matters of public record that may be considered by this Court in ruling on Defendants' Motion to Dismiss.

Wrigley and a struggle ensued. (Ex. B, pp. 3-9). Plaintiff, a former Chicago police officer and a police officer with the Burlington Northern & Santa Fe railway at the time of the incident, pulled his handgun and fired seventeen (17) times at Defendants. (Ex. B, pp. 3-9, 11-15). Plaintiff denied firing his gun at all. (Ex. B, p. 17). Officer Wrigley sustained gunshot wounds to his arm and chest (a bullet resistant vest prevented Plaintiff's bullet from entering his chest). (Ex. B, pp. 5-6, 10-11). Officer White sustained a gunshot wound to his leg. (Ex. B, pp. 6-8). Officer Olsen sustained a through and through gunshot wound to his arm. (Ex. B., pp. 8-9, 11). Defendants Wrigley, Finley, and White fired at Plaintiff during the incident (Officer Olsen did not fire) and Plaintiff sustained several gunshot wounds. (Ex. B, pp. 3-10, 11, 17). "Following deliberations, the jury found [Plaintiff Howard Morgan] guilty of four counts of attempted murder for each officer and one count of aggravated battery with a firearm of Officer Wrigley." (Ex. B., p. 18; *see also* Ex. A, p. 24).

## ARGUMENT

I. **Plaintiff's Section 1983 Excessive Force Claim Is Barred By His Convictions For Attempted First Degree Murder Of A Police Officer & Aggravated Battery With A Firearm.**

This matter is foreclosed by the Seventh Circuit's decision in *Brown v. City of Chicago*, 599 F.3d 772 (7th Cir. 2010) and through application of collateral estoppel under Illinois law. "Whether a plaintiff's § 1983 claim is barred by a state court conviction is determined by the state's rules of collateral estoppel." *Brown v. City of Chicago*, 599 F.3d 772, 774 (7th Cir. 2010)(affirming summary judgment in favor of police officer defendant in § 1983 excessive force claim pursuant to collateral estoppel where plaintiff convicted of underlying criminal offense). Under Illinois preclusion law, a claim is barred in subsequent litigation where (1) the issue decided in the prior adjudication is identical with the one presented in the suit in question, (2) there was a final judgment on the merits in the prior adjudication, and (3) the party against whom estoppel is asserted was a party to the prior adjudication. *Brown*, 599 F.3d at 774. Further, under Illinois law, "a criminal conviction precludes

relitigation of issues that were necessarily decided in the criminal proceedings." *Id.* (citing *Am. Family Mut. Ins. Co. v. Savickas*, 193 Ill.2d 378, 739 N.E.2d, 445, 449-41 (Ill. App. Ct. 2000).

In *Brown*, the Court affirmed summary judgment on behalf of a defendant police officer in relation to a shooting incident applying the collateral estoppel doctrine. (*Id.* at 777). The defendant officer shot plaintiff after plaintiff allegedly pointed a gun at the officer. (*Id.* at 773-74). Plaintiff denied pointing the gun but faced criminal charges relating to the incident and a state court jury convicted plaintiff of multiple counts of aggravated assault, aggravated unlawful use of a weapon, and unlawful possession of a weapon by a felon. (*Id.*) Despite having been convicted of these offenses, plaintiff alleged in his lawsuit that the officer shot him "without justification" and thus used excessive force. (*Id.* at 774). The Seventh Circuit rejected plaintiff's claim and held that collateral estoppel will foreclose a section 1983 claim where the underlying conviction establishes that plaintiff engaged in conduct that justifies the use of deadly force. (*Id.* at 775-77).

The *Brown* decision is directly on point in this matter. Like the plaintiff in *Brown*, Plaintiff has been convicted of criminal offenses which necessarily establish his actions and which foreclose his § 1983 excessive force claim against Defendants. *See Brown*, 599 F.3d at 775. In fact, Plaintiff's crimes in this case are even more egregious than the plaintiff in *Brown*. In *Brown*, the plaintiff was convicted of assault with a weapon. (*Id.*) In other words, his convictions established, despite his denials, that he had a gun and pointed it at the officers. (*Id.*) Here, Plaintiff has been convicted of four counts of attempted first degree murder of a police officer (1 count for each officer) as well as aggravated battery with a firearm in relation to the very incident he claims gives rise to his § 1983 excessive force claim. (Ex. A, p. 24, Ex. B, p. 18). Under Illinois law a person commits attempted first degree murder of a police officer when he performs an act that is a substantial step toward the killing of a police officer, knowing that individual is a police officer and with the intent to kill the officer while

the officer is in the performance of his duties. *See* 720 ILCS 5/8-4(a), 720 ILCS 5/9-1(a)(1); *see also* Ill. Pattern Jury Instr. (Crim.) 605X.

It is well-established that "an officer may use deadly force when a reasonable officer, under the same circumstances, would believe that the suspect's actions placed him or others in the immediate vicinity in imminent danger of death or serious bodily harm." *See* 7th Cir. Patt. Inst. 7.09, *see also Tennessee v. Garner*, 471 U.S. 1, 8-9 (1985); *Deering v. Reich*, 183 F.3d 645 (7th Cir. 1999). Though Plaintiff denies engaging in any conduct to warrant use of deadly force, Plaintiff's convictions "necessarily determine[ ]" that Plaintiff attempted to kill the four officer Defendants on February 21, 2005, knowing they were police officers in the performance of their duties. *See, e.g., Brown*, 599 F.3d at 775. As a matter of law, Defendants were justified in using deadly force against Plaintiff and Plaintiff's § 1983 excessive force claim is barred by collateral estoppel.

**A.   The issues are identical.**

Collateral estoppel bars relitigation of issues decided in previous actions. *Reed v. State of Illinois, et al.*, No. 12 C 7274, 2014 WL 9177270, * 9 (N.D. Ill. March 10, 2014)(citations and internal quotes omitted). Whether Plaintiff engaged in conduct warranting the use of deadly force has been foreclosed by his convictions for attempted murder of a police officer. His underlying criminal case centered around the shooting incident and his assertion that he did not fire on the Defendant police officers. Plaintiff testified in his own defense and denied firing at the officers. (*See* Ex. B, p. 16-17). The jury did not believe him and Plaintiff was convicted of attempted murder of the officers. As set forth above, the conviction established that Howard Morgan tried to kill John Wrigley, Tim Finley, Eric Olsen and Nick White on February 21, 2005, knowing these individuals were police officers engaged in the performance of their duties. Further, Plaintiff was convicted of aggravated battery with a firearm. This forecloses any argument that Plaintiff did not fire his gun at Defendants with the intent to kill them. Collateral estoppel bars relitigating whether Plaintiff fired on Defendants

intending to kill them. To hold otherwise would subject Defendants to a lawsuit advanced by the very person who tried to murder them.

**B.    There was a final judgment on the merits in the prior adjudication.**

There is no dispute that there has been a final judgment on the merits. "For purposes of applying the doctrine of collateral estoppel, finality requires that the potential for appellate review must have been exhausted." *Reed*, 2014 WL 9177270 at * 7 (citations and internal quotes omitted). Plaintiff was convicted on January 27, 2012. (*See* Ex. A, p. 24). His conviction was affirmed by the Illinois Appellate Court on February 21, 2014. (*See* Ex. B). Finally, the Illinois Supreme Court denied Plaintiff's petition for leave to appeal on May 28, 2014. (Ex. C). As such, this element is satisfied.

**C.    Plaintiff was a party in the prior adjudication.**

Plaintiff was the criminal defendant in the prior proceeding and testified in his own defense. (*See* Ex. B, pp. 16-17). Consequently, there can be no dispute as to the identity of parties for issue preclusion purposes. *See, e.g., Brown*, 599 F.3d. at 774-75.

In sum, the requisite elements of collateral estoppel are present in this matter and Plaintiff's § 1983 excessive force claim must be dismissed.

**II.    Alternatively, Plaintiff's Section 1983 Claim Is Barred By The *Heck* Doctrine.**

Even if collateral estoppel were to somehow not apply, Plaintiff's § 1983 excessive force claim is barred by the *Heck* doctrine. Under *Heck*, Section 1983 claims fail as a matter of law where such proceedings would undermine the criminal conviction. *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). In *Heck*, the Court established that a § 1983 claim fails if a judgment upon such claim would imply the conviction's invalidity. *Id.* The plaintiff must show the conviction or sentence has been invalidated. *Id.*

Notwithstanding the convictions, Plaintiff claims that "[a]t no point in time prior to being forcibly seized, dragged, tackled and shot did Plaintiff pose an imminent threat of death or serious injury to Defendants, himself, or the public." (Pl. Second Amend. Complt. ¶ 14). Plaintiff's allegations are clearly inconsistent with his criminal convictions for the attempted murder of four police officers and aggravated battery with a firearm. Where a plaintiff "makes allegations that are inconsistent with the convictions having been valid, *Heck* kicks in and bars his civil suit. *Okoro v. Callaghan*, 324 F.3d 488, 490 (7th Cir. 2003). Plaintiff's excessive force claim against Defendants necessarily implies the invalidity of his convictions. *See Malden v. City of Waukegan*, No. 04 C 2822, 2009 WL 2905594, * 6-14 (N.D. Ill. Sept. 10, 2009)(barring excessive force claim under *Heck* doctrine). To prove his claim, as Plaintiff's allegations make clear, Plaintiff would have to establish he did not fire his gun at Defendants. A criminal jury has found Plaintiff guilty of not only firing his gun at Defendants but doing so with intent to kill and while knowing Defendants to be police officers in the performance of their duties. Plaintiff stands convicted of attempted murder of four police officers and his conviction has been affirmed on appeal. Consequently, given Plaintiff's allegations, Plaintiff is barred by the *Heck* doctrine from advancing his § 1983 excessive force claim against Defendants.

## CONCLUSION

Plaintiff attempted to murder four police officers on February 21, 2005. Three of the officers sustained gunshot wounds, one of whom survived due to his bullet resistant vest. A criminal jury convicted Howard Morgan for these crimes and he is now serving a forty-year sentence. Plaintiff brings a § 1983 excessive force claim against his victims and claims he did not ever pose a danger to the officers or anyone else. The present lawsuit is barred by collateral estoppel and Plaintiff is foreclosed from claiming he did not shoot to kill Defendants. Alternatively, the *Heck* doctrine bars Plaintiff's § 1983 excessive force claim. For these reasons, Defendants respectfully

request the Court dismiss Plaintiff's Second Amended Complaint with prejudice and for whatever other relief the Court deems just and appropriate.

Respectfully submitted,

Defendants Tim Finley,
John Wrigley, Nick Olsen, &
Eric White

By:     /s/ *Christopher Wallace*
Christopher Wallace
Senior Counsel
*Attorney for Defendants*

City of Chicago Department of Law
30 N. LaSalle St.
Suite 900
Chicago, IL 60602
T: (312) 742-6408
F: (312) 744-6566
ARDC: 6278655

## CERTIFICATE OF SERVICE

I, Christopher Wallace, an attorney, certify that on August 1, 2014, I served a copy of Defendants' Motion to Dismiss upon all counsel of record by filing the same before the Court via the ECF system.

/s/ *Christopher Wallace*
Christopher Wallace