IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| HOWARD W. MORGAN, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 07 C 0983 |
| | ) | |
| v. | ) | Judge Amy J. St. Eve |
| | ) | |
| TIMOTHY FINLEY, NICK OLSEN, ERIC WHITE, and JOHN WRIGLEY, City of Chicago Police Officers, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

The Court grants Defendants' motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) and dismisses this lawsuit in its entirety [87].[1]  All pending dates and deadlines are stricken.  Civil case terminated.

## STATEMENT

On September 12, 2008, Plaintiff Howard Morgan filed a one-count Second Amended Complaint alleging a Fourth Amendment excessive force claim against Defendant Chicago Police Officers Timothy Finley, Nick Olsen, Eric White, and John Wrigley.  *See* 28 U.S.C. § 1331, 42 U.S.C. § 1983.  Earlier, on April 16, 2007, Defendants moved to stay the proceedings in light of the criminal charges pending against Plaintiff in relation to the incident underlying the present lawsuit.  In 2012, a jury convicted Plaintiff of several counts of attempted first degree murder of a police officer and aggravated battery with a firearm.  On February 21, 2014, the Illinois Appellate Court affirmed Plaintiff's convictions and sentence, and the Supreme Court of Illinois denied Plaintiff's petition for leave to appeal on May 28, 2014.  The Court then lifted the stay and Defendants brought the present motion to dismiss pursuant to Rule12(b)(6).  For the following reasons, the Court grants Defendants' motion to dismiss and dismisses this lawsuit in its entirety.

## LEGAL STANDARD

"A motion under Rule 12(b)(6) tests whether the complaint states a claim on which relief may be granted."  *Richards v. Mitcheff,* 696 F.3d 635, 637 (7th Cir. 2012).  Under Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is

---

[1] Plaintiff's response to the present motion to dismiss was due on or before September 19, 2014.  To date, Plaintiff has failed to file any such response.

entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement under Rule 8(a)(2) must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic v. Twombly,* 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (citation omitted). Under the federal notice pleading standards, a plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. Put differently, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting *Twombly,* 550 U.S. at 570).

"In reviewing the sufficiency of a complaint under the plausibility standard, [courts] accept the well-pleaded facts in the complaint as true, *Alam v. Miller Brewing Co.,* 709 F.3d 662, 665-66 (7th Cir. 2013), and draw "reasonable inferences in favor of the plaintiffs." *Teamsters Local Union No. 705 v. Burlington No. Santa Fe, LLC,* 741 F.3d 819, 823 (7th Cir. 2014). "[A] plaintiff is not required to plead facts in the complaint to anticipate and defeat affirmative defenses," such as collateral estoppel, but "when a plaintiff's complaint nonetheless sets out all of the elements of an affirmative defense, dismissal under Rule 12(b)(6) is appropriate." *Independent Trust Corp. v. Stewart Info. Serv. Corp.,* 665 F.3d 930, 935 (7th Cir. 2012). Also, a "motion under Rule 12(b)(6) can be based only on the complaint itself, documents attached to the complaint, documents that are critical to the complaint and referred to in it, and information that is subject to proper judicial notice." *Geinosky v. City of Chicago,* 675 F.3d 743, 745 n.1 (7th Cir. 2012).

## BACKGROUND

In his Second Amended Complaint, Plaintiff alleges that on February 21, 2005, he was driving his vehicle in the 1900 block of South Lawndale Avenue in Chicago, Illinois. (R. 38, Sec. Am. Compl. ¶ 9.) According to Plaintiff, at approximately 12:30 a.m., Defendant Officers affected a traffic stop and attempted to seize or arrest him without probable cause or justification. (*Id*. ¶¶ 9, 10.) Plaintiff alleges that while arresting him, Defendants drew their service weapons and fired at him. (*Id*. ¶ 12.) Plaintiff also alleges that at no point before, during, or after his arrest did he pose an imminent threat of death or serious injury to Defendants, the public, or himself. (*Id*. ¶ 14.) Therefore, Plaintiff asserts that Defendant Officers used unjustified and objectively unreasonable force against him and/or failed to intervene to prevent this unjustified force. (*Id*. ¶¶ 15, 16.)

Under Federal Rule of Evidence 201(b), the Court can take judicial notice of Plaintiff's prior criminal proceedings, including his convictions. *See Virnich v. Vorwald,* 664 F.3d 206, 209 (7th Cir. 2011); *Fletcher v. Menard Corr. Ctr.,* 623 F.3d 1171, 1173 (7th Cir. 2010); *McCann v. Neilsen,* 466 F.3d 619, 620 (7th Cir. 2006). Taking judicial notice of Plaintiff's state court criminal proceedings under Rule 201, Plaintiff, a former Chicago police officer and a police officer with the Burlington Northern & Santa Fe Railway at the time of the February 21, 2005 incident, pulled his handgun and fired at Defendant Officers during the altercation while Defendant Officers attempted to arrest him.

2

**ANALYSIS**

In their motion to dismiss, Defendants argue that Plaintiff's state court criminal conviction bars his Fourth Amendment excessive force claim under the doctrine of collateral estoppel. *See Brown v. City of Chicago,* 599 F.3d 772, 774 (7th Cir. 2010). Illinois' rule of collateral estoppel controls the Court's determination of whether Plaintiff's state court conviction bars his present excessive force claim brought in federal court pursuant to 42 U.S.C. § 1983. *See id.*; *see also Adams v. Adams,* 738 F.3d 861, 865 (7th Cir. 2013). To establish collateral estoppel under Illinois law, Defendants must show that "(1) the issues decided in the prior adjudication are identical to issues presented for adjudication in the current proceeding; (2) there [is] a final judgment on the merits; and (3) the party against whom estoppel is asserted was a party or in privity with a party in the prior action." *Gambino v. Koonce,* 757 F.3d 604, 608 (7th Cir. 2014) (quoting *American Family Mut. Ins. Co. v. Savickas,* 739 N.E.2d 445, 451 (Ill. 2000)); *see also Brown,* 599 F.3d at 775. Under the first element, "a criminal conviction precludes relitigation of issues that were necessarily decided in the criminal proceedings." *Brown,* 599 F.3d at 775 (citing *Savickas,* 739 N.E.2d at 449–51 (2000)). As the Supreme Court of Illinois explained in *Savickas,* in a criminal matter:

> [T]he State must prove the defendant guilty beyond a reasonable doubt by a unanimous verdict, a greater burden than that faced by any civil litigant. The defendant may remain silent and the State is prohibited from commenting on his silence. Moreover, the defendant has the right to counsel and to a record paid for by the State on appeal.

*Id.* at 450. As such, the *Savickas* court concluded that due to the greater evidentiary burden required in criminal proceedings, criminal convictions have the same preclusive effect as civil judgments. *See id.*

Turning to the elements of collateral estoppel under Illinois law, there was a final judgment in Plaintiff's state court criminal proceedings because the Illinois Appellate Court affirmed Plaintiff's conviction and sentence and the Supreme Court of Illinois denied his petition for leave to appeal. *See People v. Anderson,* 1 N.E.3d 54, 58, 376 Ill.Dec. 721, 725 (2d Dist. 2013) ("one element of collateral estoppel is a final judgment on the merits, which does not exist until the potential for appellate review has been exhausted"). Also, it is undisputed that the Plaintiff in this lawsuit was the criminal defendant in the underlying state court case. *See Savickas,* 193 Ill.2d at 387 ("the party against whom estoppel is asserted must have been a party or in privity with a party to the prior adjudication."). Thus, the Court turns to the first collateral estoppel requirement, namely, whether the relevant issues in the present lawsuit and the state court criminal proceedings are identical. *See id.*

Here, Plaintiff alleges that at no point before, during, or after his arrest on February 21, 2005, did he pose an imminent threat of death or serious injury to Defendant Officers, the public, or himself that would justify Defendant Officers' use of deadly force. Nevertheless, he was

charged and convicted of multiple counts of attempted first murder of a police officer based on firing his gun and injuring three police officers on February 21, 2005 — directly contradicting Plaintiff's allegations. To clarify, under Illinois law, attempted murder of a police officer is "defined as performing an act constituting a substantial step toward the commission of murder, with the criminal intent to kill the victim and the knowledge that the victim is a [police] officer in the course of performing his official duties." *People v. Kidd*, 7 N.E.3d 188, 199, 379 Ill.Dec. 762, 773 (1st Dist. 2014). Based on the trial evidence and the standard for attempted murder, Plaintiff's convictions establish that he had a gun and fired it at Defendant Officers, and it is well-settled that "a law enforcement officer [can] use deadly force if an objectively reasonable officer in the same circumstances would conclude that the suspect posed a threat of death or serious physical injury to the officer or to others." *Marion v. City of Corydon, Ind.,* 559 F.3d 700, 705 (7th Cir. 2009) (citing *Tennessee v. Garner,* 471 U.S. 1, 11-12, 105 S.Ct. 1694, 85 L.Ed.2d 1 (1985)). Therefore, despite the denials in the present Second Amended Complaint that he did not pose an imminent threat of death or serious injury to Defendants, Plaintiff's conduct during his arrest — pointing his gun at Defendant Officers and firing at them — forecloses Plaintiff's excessive force claim. In sum, Plaintiff engaged in conduct warranting the Defendant Officers' use of deadly force.

Because Plaintiff's lawsuit is foreclosed by his criminal convictions, the Court need not address Defendant Officers' alternative argument brought pursuant to *Heck v. Humphrey,* 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994).

**Dated:** September 26, 2014

_____
**AMY J. ST. EVE**
**United States District Court Judge**