IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Howard W. Morgan, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 07 C 983 |
| ) | |
| City of Chicago Police Officers ) | Judge St. Eve |
| Timothy Finely, Nick Olsen, ) | |
| Eric White, and John Wrigley, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S REINSTATED MOTION FOR RECONSIDERATION OF THE COURT'S 10/28/14 ORDER & REINSTATED MOTION FOR EXTENSION OF TIME TO FILE A NOTICE OF APPEAL**

Defendants Timothy Finley, Nick Olsen, Eric White, and John Wrigley, by and through one of their attorneys, Christopher A. Wallace, Senior Counsel of the City of Chicago Department of Law, respond to Plaintiff's reinstated motion for reconsideration of the Court's 10/28/14 order and reinstated motion for extension of time to file a notice of appeal as follows:

**RELEVANT PROCEDURAL HISTORY**

On August 1, 2014, following the Illinois Supreme Court's denial of Plaintiff's petition for leave to appeal, Defendants filed a motion to dismiss Plaintiff's Second Amended Complaint. (*See* docket entry # 86). Plaintiff requested and, without objection, received forty-five (45) days, (or until September 19, 2014), to respond to the motion. (*See* 8/5/14 Order, docket entry 88). Plaintiff failed to respond to the motion in any fashion. Subsequently, on September 26, 2014, the Court granted Defendants' motion and dismissed the present action. (*See* 9/26/14 Order, docket entry # 89). In its decision, the Court analyzed Defendants' collateral estoppel argument and held that Plaintiff's criminal convictions foreclosed his claim against Defendants. (*Id.*). Further, the Court held "[b]ecause Plaintiff's lawsuit is foreclosed by his criminal convictions, the Court need not

address Defendant Officers' alternative argument brought pursuant to *Heck v. Humphrey,* 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994)." (*Id.* at p. 4).

Nearly a month following the ruling on Defendants' motion to dismiss, on October 24, 2014, Plaintiff filed a Rule 60(b) "Motion to Vacate Order and Motion to Stay Proceedings." (*See* docket entry 90). In this motion, Plaintiff argued that he has not "exhausted his remedies and rights to appeal his underlying criminal convictions and sentence." (*Id.* at ¶ 1). The motion failed to articulate how Plaintiff either had not exhausted his remedies or appeals or why the conviction was not final. An attached letter, apparently authored by Plaintiff's criminal appellate counsel and addressed to counsel for Plaintiff in this matter, indicated Plaintiff could (and should) file a post-conviction petition pursuant to 725 Ill.Comp.Stat. 5/122 and that "future legal options" could consist of federal habeas petitions. Consequently, Plaintiff argued the Court should vacate its 9/26/14 order on Defendants' motion to dismiss and stay the proceedings "until final disposition of the underlying criminal charges." (*Id.* at ¶ 2). On October 28, 2014, the Court denied Plaintiff's Rule 60(b) motion and held that "[b]ecause Plaintiff's conviction became final after all avenues of direct appeal had been exhausted, the Court denies Plaintiff's Rule 60(b) motion to vacate and stay the September 26, 2014, dismissal of this lawsuit." (*See* 10/28/14 Order, docket entry 91).

Again nearly a month later, on Nov. 26, 2014, Plaintiff filed: (1) a notice of appeal, (2) a motion to withdraw that notice of appeal, (3) a motion for extension of time to file a notice of appeal, and (4) a "Motion for Reconsideration of October 28, 2014, Order." The motions were denied without prejudice due to lack of jurisdiction (*see* 12/5/14 Order, docket entry 105) and Plaintiff subsequently moved to withdraw his notice of appeal in the Seventh Circuit Court of Appeals. On December 8, 2014, this Court reinstated Plaintiff's motions for reconsideration of the October 28, 2014, order and motion for extension of time to file a notice of appeal. A hearing was held on December 9, 2014, the morning of which Plaintiff filed a "Supplemental Memorandum of

2

Law in Support of Plaintiff's Motion for Reconsideration of October 28, 2014, Order." (*See* docket entry 109). On December 10, 2014, Defendants were ordered to file a response to Plaintiff's reinstated motions by December 17, 2014. (*See* 12/10/14 Order, docket entry 112). On December 12, 2014, Plaintiff filed a "Supplemental Memorandum of Law in Response to Court's Question During December 9, 2014, Motions Hearing." (*See* docket entry 113).

**RESPONSE**

**I. PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE COURT'S OCTOBER 28, 2014, ORDER MUST BE DENIED.**

Plaintiff's motion and supporting memoranda are difficult to even understand. This is Plaintiff's second Rule 60(b) motion and Plaintiff has still not addressed the actual ruling the Court made in its October 28, 2014, Order, or explained why the Court should reconsider its ruling on Plaintiff's first motion to vacate. In addition, Plaintiff has not addressed Defendants' argument that Plaintiff's excessive force claim in his Second Amended Complaint against the Defendants is barred by collateral estoppel. Instead, in his various filings, Plaintiff ignores what has transpired and argues that the Court should reconsider its ruling because Plaintiff may seek relief in a post-conviction proceeding and because *Heck* does not bar the lawsuit. In support of his motion, Plaintiff levels a series of accusations that are not directed to Plaintiff's excessive force allegation, that appear nowhere in his Second Amended Complaint, and which appear to be the subject of his anticipated post-conviction petition. Plaintiff's motion must be denied.

First, Plaintiff's arguments as they relate to *Heck* are misplaced. The Court did not dismiss the case under *Heck* and the 9/26/14 Order makes clear that the Court did not ("need not") address Defendants' arguments under *Heck*. Inexplicably, Plaintiff states that "[d]efense counsel in this case cited the *Heck* doctrine as their main argument as to why Officer Morgan's § 1983 excessive force claim should be dismissed" (*See* Pl. 12/9/14 memo, docket entry 109, ¶ 1). This statement is simply

3

wrong. Defendants moved pursuant to collateral estoppel and cited the Seventh Circuit's decision in *Brown v. City of Chicago*, 599 F.3d 772 (7th Cir. 2010) as their principle argument. (*See* Def. Mot. pp. 4-7). Defendants were quite clear that their *Heck* argument was brought in the alternative and the Court was equally clear it did not reach the *Heck* argument in its decision.[1] Plaintiff has not addressed defendants' collateral estoppel arguments or discussed why the Court's decision should be reconsidered. Instead, Plaintiff's argument, aside from his misplaced *Heck* analysis, appears to be the same argument raised in his first Rule 60(b) motion: the availability of a post-conviction petition renders a criminal conviction not a final adjudication on the merits. This argument has already been rejected by the Court and Plaintiff does not argue why the Court's reasoning is incorrect.

To be certain, Plaintiff's convictions for attempted first degree murder of a police officer and aggravated battery with a firearm are <u>final</u>. Plaintiff was tried by a jury, convicted, and sentenced. Plaintiff appealed, was heard by the Illinois Appellate Court, and the conviction and sentence were upheld. Lastly, the Illinois Supreme Court denied Plaintiff's petition to appeal. In short, all avenues of direct appeal have been exhausted and that renders his criminal conviction final for purposes of collateral estoppel. As the Court identified in its 10/28/14 Order, "[p]laintiff's argument that this conviction is not final until he exhausts his post-conviction remedies is without merit." (*See* 10/28/14 Order). In his motion and supplemental memoranda, Plaintiff fails to address the cases the Court has cited, *People v. Kizer*, 318 Ill.App.3d 238, 246, 741 N.E.2d 1103, 1110, 251 Ill.Dec. 925, 932 (1st. Dist. 2000) or *People v. Pitsonbarger*, 205 Ill.2d 444, 455-56, 275 Ill.Dec. 838, 793 N.E.2d 609 (2002). Instead, Plaintiff simply claims he has not "exhausted all remedies to appeal his conviction" and cites several cases (e.g. *People v. Hobley, People v. Caballero,* and *People v Towns*)

---

[1] Ironically, Plaintiff's arguments against *Heck* actually bolster Defendants' arguments in their motion to dismiss as to why *Heck* bars this suit. Plaintiff makes clear that he is claiming he never fired a shot. This allegation necessarily would call into question the validity of his convictions for attempted first degree murder of a police officer and aggravated battery with a firearm. *See Okoro v. Callaghan*, 324 F.3d 488, 490 (7th Cir. 2003); *Malden v. City of Waukegan*, No. 04 C 2822, 2009 WL 2905594, * 6-14 (N.D. Ill. Sept. 10, 2009)(barring excessive force claim under *Heck* doctrine).

4

without explaining how or why these decisions impact the Court's ruling. None of the cases cited stand for the proposition that the availability of post-conviction relief renders a criminal judgment non-final for collateral estoppel purposes. To hold otherwise would likely countermand the triggering event for invocation of post-conviction proceedings in the first place.

Indeed, Plaintiff's citations relate to post-conviction proceedings under Illinois law and it is well established that a proceeding pursuant to 725 ILCS 5/122 is not a "substitute for a direct appeal, but rather is a collateral attack on a prior conviction or sentence." *See People v. Davis*, 6 N.E.3d 709, 716, 379 Ill.Dec. 381, 388 (Ill. 2014). As the Court found, a "conviction is final when the availability of direct appeal to the state courts has been exhausted and the time for filing a petition for a writ of certiorari has elapsed or a timely filed petition has been finally determined." (10/28/14 Order *citing People v. Kizer*, 318 Ill.App.3d 238, 246, 741 N.E.2d 1103, 1110, 251 Ill.Dec. 925, 932 (1st Dist. 2000)). Plaintiff offers no basis to contravene this ruling or decision. *See*, *e.g.*, *Talano v. Northwestern Medical Faculty Foundation*, *Inc.*, 273 F.3d 757, 762 (7th Cir. 2001)(affirming Court's denial of Rule 60(b) motion); *see also Cash v. Ill. Div. of Mental Health*, 209 F.3d 695, 697-98 (7th Cir. 2000)(stating Rule 60(b) "is not an alternate route for correcting simply legal errors" and affirming denial of Rule 60(b) motion). In short, Plaintiff's criminal conviction is final for collateral estoppel purposes and Plaintiff provides no basis to conclude otherwise and provide relief under Rule 60(b).

## II. PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO NOTICE AN APPEAL SHOULD BE DENIED.

In his Motion for Extension of Time to File Notice of Appeal, "Plaintiff asks for an extension of time to file a notice of appeal until the Court has ruled on his motion for reconsideration of the October 28, 2014 Order, and an extension of 30 days from the date of that ruling should it be a denial." (*See* Pl. 11/26/14 Mot., ¶ 6). Plaintiff does not specify from what

5

order Plaintiff would be seeking an appeal but more importantly does not specify what provision of the federal rules authorizes the extension of time. Federal Rule of Appellate Procedure 4(a)(5) provides that the Court may provide for a motion for extension of time to file a notice of appeal if Plaintiff moves no later than 30 days after the time prescribed by FRAP Rule 4(a) expires and "that party shows excusable neglect and good cause." *See* FRAP 4(a)(5)(i)-(ii).

Plaintiff must demonstrate both provisions in FRAP 4(a)(5)(A)(i) and (ii) to be afforded relief. Here, Plaintiff's motion does not demonstrate either "excusable neglect or good cause" to warrant an extension of time under FRAP 4(a)(5)(A)(ii). Nothing in Plaintiff's submissions substantiates "excusable neglect or good cause" to afford relief as envisioned by the Seventh Circuit. *Compare Sherman v. Quinn*, 668 F.3d 421, 425-27 (7th Cir. 2012)(explaining the standard under FRAP 4(a)(5) and finding abuse of discretion by Court on granting motion) *with Lorenzen v. Employees Retirement Plan of the Sperry & Hutchinson Co., Inc.*, 896 F.2d 228, 231-234 (7th Cir. 1990)(upholding grant of FRAP 4(a)(5) motion).

Further, Plaintiff seeks an extension of time so that he can pursue a single appeal from the underlying judgment and denial of his first Rule 60(b) motion, and also any denial of his subsequent Rule 60(b) motion. That is not a proper basis for an extension of time. Successive post-judgment motions do not toll the time for appeal. *See Borrero v. City of Chicago*, 456 F.3d 698, 700-702 (7th Cir. 2006)(demonstrating that litigants cannot extend the time for appealing from the final judgment indefinitely by filing successive Rule 60(b) motions). Here, in effect, Plaintiff's motion for extension of time to appeal attempts to accomplish the same prohibited result. But, if a party cannot extend the time to appeal from a final judgment through successive Rule 60(b) motions, that should not be a proper basis to extend the time to file a notice of appeal either. Thus, it would appear the Court lacks the authority to grant a motion for extension of time to file an appeal under these circumstances. *See Borrero*, 456 F.3d at 701-02; *see also Banks v. Chicago Board of Education*, 750

F.3d 663, 667-668 (7th Cir. 2014). Since Plaintiff cannot extend the time for filing a notice of appeal through the filing of successive Rule 60 motions, Plaintiff's motion should be denied.

## CONCLUSION

Defendants reiterate from their motion to dismiss and as established by the State of Illinois: on February 21, 2005, Howard Morgan attempted to murder four Chicago police officers. Plaintiff's conviction is final for collateral estoppel purposes and Plaintiff has failed to address Defendants' motion to dismiss, the Court's October 28, 2014, Order, or explain why there is any basis for relief under Rule 60(b). For the reasons set forth above, Plaintiff's Motion for Reconsideration of October 28, 2014, Order, must be denied.

In addition, Plaintiff's Motion for Extension of Time To File Notice of Appeal has not demonstrated excusable neglect or good cause as envisioned by FRAP 4(a)(5). Consequently, Plaintiff's motion for extension of time too must be denied.

Respectfully submitted,

Defendants Tim Finley,
John Wrigley, Nick Olsen, &
Eric White

By: /s/ *Christopher Wallace*
Christopher Wallace
Senior Counsel
*Attorney for Defendants*

City of Chicago Department of Law
30 N. LaSalle St.
Suite 900
Chicago, IL 60602
T: (312) 742-6408
F: (312) 744-6566
ARDC: 6278655

## **CERTIFICATE OF SERVICE**

  I, Christopher Wallace, an attorney, certify that on December 17, 2014, I served a copy of Defendants' Response To Plaintiff's Motions upon all counsel of record by filing the same before the Court via the ECF system.

                    */s/ Christopher Wallace*
                    Christopher Wallace