IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| HOWARD W. MORGAN, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 07 C 0983 |
| | ) | |
| v. | ) | Judge Amy J. St. Eve |
| | ) | |
| TIMOTHY FINLEY, NICK OLSEN, ERIC WHITE, and JOHN WRIGLEY, City of Chicago Police Officers, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

The Court, in its discretion, denies Plaintiff's Federal Rule of Civil Procedure 60(b)(6) motion [100].

## STATEMENT

On November 26, 2014, Plaintiff's filed the present motion for the Court to reconsider its October 28, 2014, denial of Plaintiff's first Rule 60(b) motion to vacate. For the following reasons, the Court, it its discretion, denies Plaintiff's present motion because Plaintiff has failed to show exceptional circumstances for the extraordinary remedy provided by Rule 60(b)(6). *See Kathrein v. City of Evanston, Ill.,* 752 F.3d 680, 690 (7th Cir. 2014).

## PROCEDURAL BACKGROUND

On September 12, 2008, Plaintiff Howard Morgan filed a one-count Second Amended Complaint alleging a Fourth Amendment excessive force claim against Defendant Chicago Police Officers Timothy Finley, Nick Olsen, Eric White, and John Wrigley. *See* 28 U.S.C. § 1331, 42 U.S.C. § 1983. Earlier, on April 16, 2007, Defendants moved to stay the proceedings in light of the criminal charges pending against Plaintiff in relation to the incident underlying the present lawsuit. In 2012, a jury convicted Plaintiff of several counts of attempted first degree murder of a police officer and aggravated battery with a firearm. On February 21, 2014, the Illinois Appellate Court affirmed Plaintiff's convictions and sentence and the Supreme Court of Illinois denied Plaintiff's petition for leave to appeal on May 28, 2014. The Court then lifted the stay in these proceedings.

On August 1, 2014, Defendants brought a motion to dismiss pursuant to Rule 12(b)(6), and on August 5, 2014, the Court conducted a status hearing and entered a briefing schedule for Defendants' motion to dismiss. In particular, Plaintiff's response brief was due on or before September 19, 2014. Plaintiff did not file his response brief on or before September 19, 2014,

nor did Plaintiff file a motion for an extension of time to file his response brief prior to the Court's September 26, 2014, Order granting Defendants' motion to dismiss. In the September 26, 2014, Order, the Court concluded that Plaintiff's Fourth Amendment excessive force claim was foreclosed by Illinois' collateral estoppel doctrine. Because Plaintiff's lawsuit was foreclosed by his criminal convictions under Illinois' collateral estoppel doctrine, the Court did not address Defendant Officers' alternative argument brought pursuant to *Heck v. Humphrey,* 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994).

On October 24, 2014, Plaintiff filed a motion to vacate the Court's September 25, 2014, Order pursuant to Rule 60(b). In Plaintiff's motion to vacate, Plaintiff argued that his criminal conviction was not final because he could file a post-conviction petition in the Illinois courts, and thus, collateral estoppel did not apply. The Court denied Plaintiff's Rule 60(b) motion on October 28, 2014, explaining that Plaintiff's conviction was final because the Supreme Court of Illinois had denied his petition for leave to appeal the judgment of his conviction.

On November 26, 2014, Plaintiff filed the present motion for the Court to reconsider its October 28, 2014, ruling. The day before, on November 25, 2014, Plaintiff filed a notice of appeal divesting the Court of jursidiction, and on December 5, 2014, Plaintiff filed a motion to withdraw his notice of appeal that the United States Court of Appeals for the Seventh Circuit granted on December 8, 2014.

## LEGAL STANDARDS

Pursuant to Rule 60(b), "the court may relieve a party or its legal representative from a final judgment, order, or proceeding" for "any other reason that justifies relief." Fed.R.Civ.P. 60(b)(6). "Relief from a final judgment may be granted pursuant to Rule 60(b) under exceptional circumstances, and we have characterized the district court's considerable latitude in making its decision as 'discretion piled on discretion.'" *Wehrs v. Wells,* 688 F.3d 886, 890 (7th Cir. 2012); *see also Selective Ins. Co. of So. Carolina v. City of Paris,* 769 F.3d 501, 507 (7th Cir. 2014) (appellate courts review "denials of motions for reconsideration brought under Rules 59(e) and 60(b) for abuse of discretion."). "Rule 60(b) [] is not an appropriate vehicle for addressing simple legal error; otherwise, a party could circumvent the ordinary time limitation for filing a notice of appeal." *Russell v. Delco Remy Div. of General Motors Corp.,* 51 F.3d 746, 749 (7th Cir. 1995). In short, a "Rule 60(b) motion is not a substitute for appeal." *Stoller v. Pure Fishing Inc.*, 528 F.3d 478, 480 (7th Cir. 2008).

## ANALYSIS

Under Illinois law, "one element of collateral estoppel is a final judgment on the merits, which does not exist until the potential for appellate review has been exhausted." *People v. Anderson*, 1 N.E.3d 54, 58, 376 Ill.Dec. 721, 725 (2d Dist. 2013). In the present motion, Plaintiff argues that his conviction is not final for collateral estoppel purposes because he has not exhausted his post-conviction remedies under the Illinois Post-Conviction Hearing Act, 725 ILCS 5/122-1, *et seq*. Plaintiff, however, does not point to any legal authority that his criminal

2

conviction is not final until the Illinois appellate courts have reviewed his Illinois post-conviction petition—nor can he because any appeal from his post-conviction petition is not an appeal from the judgment of conviction. *See People v. Pitsonbarger*, 205 Ill.2d 444, 455-456, 793 N.E.2d 609, 61, 275 Ill.Dec. 838, 848 (Ill. 2002).

To clarify, "[t]he Post–Conviction Hearing Act provides a procedural mechanism through which a criminal defendant can assert that his federal or state constitutional rights were substantially violated in his original trial or sentencing hearing." *People v. Davis*, 6 N.E.3d 709, 716, 379 Ill.Dec. 381, 388 (Ill. 2014). "A postconviction proceeding is not a substitute for a direct appeal, but rather is a collateral attack on a prior conviction and sentence." *Id*.; *see People v. Thomas*, 18 N.E.3d 577, 585, 385 Ill.Dec. 316, 324 (2d Dist. 2014) ("postconviction proceeding is not an appeal from the judgment of conviction, but is a collateral attack on the trial court proceedings"). Therefore, Plaintiff's post-conviction proceedings do not bear on the finality of his criminal conviction. Instead, Plaintiff's criminal conviction became final once the Supreme Court of Illinois denied his petition for leave to directly appeal his conviction on May 28, 2014.

Plaintiff also argues that *Heck v. Humphrey,* 512 U.S. 477, 486, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), does not bar his Fourth Amendment excessive force claim. Under *Heck*, "the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed." *Id.* at 487; *see also Helman v. Duhaime,* 742 F.3d 760, 762 (7th Cir. 2014). As discussed above, the Court did not address Defendants' argument based on *Heck* because Plaintiff's Fourth Amendment excessive force claim was foreclosed by Illinois' collateral estoppel doctrine. Moreover, Plaintiff's present motion is a motion to reconsider the Court's October 28, 2014, denial of his first Rule 60(b) motion in which Plaintiff did not make any arguments under *Heck*. (*See* R. 90, 10/24/14 Rule 60(b) Motion.) As such, Plaintiff's arguments based on *Heck* are not properly before the Court and are of no moment to the Court's determination that Plaintiff's excessive force claim is foreclosed under Illinois' collateral estoppel doctrine.

On a final note, a Rule 60(b)(6) motion is not the appropriate vehicle to challenge the Court's collateral estoppel determination under the circumstances. More specifically, Rule 60(b)(6) "was designed to address mistakes attributable to special circumstances and not merely to erroneous applications of law." *Russell,* 51 F.3d at 749. As discussed, Plaintiff has failed to establish any special circumstances justifying the extraordinary remedy provided by Rule 60(b)(6), *see Kathrein,* 752 F.3d at 690, and thus, the Court, in its discretion, denies this motion.

**Dated:** December 18, 2014

AMY J. ST. EVE
United States District Court Judge

3